**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHUB CAY LLC | § | CASE NO. 22-50615-mmp |
| | § | |
| | § | **CHAPTER 11** |
| DEBTORS | § | |

**CHUB CAY LLC'S PLAN OF REORGANIZATION, DATED 9/6/2022**

**ARTICLE I
SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Chub Cay LLC, (the "Debtor") from sale proceeds from the sale of Debtor's real property assets.

This plan provides for __2__ classes of secured claims; __1__ class of unsecured claims; and __0__ classes of equity security holders. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holder has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS**

2.01 <u>Class 1.</u> The claims of creditors to the extent allowed as a secured claim under § 506 of the Code against the Real Property

2.02 <u>Class 2.</u> The claim of Bexar County, to the extent allowed as a secured claim under § 506 of the Code.

2.03 <u>Class 3.</u> All unsecured claims.

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 *Unclassified Claims*. Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 *Administrative Expense Claims*. Each holder of an administrative expense claim allowed under § 503 of the Code, and a "gap" claim in an involuntary case allowed under § 502(f) of the Code, will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. This may include payment from the proceeds of the sale of the Real Property.

3.03 *Priority Tax Claims*. Debtor does not believe any Priority Tax Claims exist. However, should a priority tax claim be filed, each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code.

3.04 *United States Trustee Fees*. All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
| --- | --- | --- |
| Class 1 - Secured claims against the Real Property | Impaired | At the closing of the sale of the Real Property, the Class 1 claim shall be paid in full with interest accruing from the Petition Date at a rate of 5% per annum. |
| Class 2 - Secured claim of Bexar County | Impaired | At the closing of the sale of the Real Property, the Class 2 claim shall be paid in full with interest accruing from the Petition Date at a rate of 12% per annum. |
| Class 3 - Unsecured claims | Impaired | At the closing of the sale of the Real Property, the Class 3 claim shall be paid in full |

# ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 <u>Delay of Distribution on a Disputed Claim</u>. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Debtor is not a party to any executory contract:

| Party | Description of Contract | Election |
|---|---|---|
| **None.** | | |

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the Debtor is not a party to any executory contract. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

| Party | Description of Contract | Election |
|---|---|---|
| **None.** | | |

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Debtor shall have ninety (90) days from October 1, 2022 to sell the Real Property for an amount sufficient to pay the secured, unsecured and priority claims asserted against the Debtor.

## ARTICLE VIII
## GENERAL PROVISIONS

3

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02    Effective Date of Plan.  The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    Severability.  If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect on any other provision of this Plan.

8.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided for in this Plan.

8.07    Real Property.  "Real Property" shall mean the following parcel of commercial real property: Lot 39 Block 9 NCB 8340 FUCD Subdivision, San Antonio, Bexar County, Texas generally known as 100 St. Cloud, San Antonio, Texas.

## ARTICLE IX
## DISCHARGE

9.01    Discharge.  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

# ARTICLE X
# OTHER PROVISIONS

10.1. <u>Modification</u>. The Debtor may amend, modify or withdraw the Plan at any time prior to the Confirmation Date. The Debtor may amend or modify this Plan in accordance with §1127 of the Bankruptcy Code at any time on or prior to the Effective Date. After the Effective Date, Debtor may propose amendments to the Plan for approval by the Bankruptcy Court.

Dated: September 6, 2022

VILLA & WHITE LLP

By: */s/ Morris E. "Trey" White III*
Morris E. "Trey" White III
Texas State Bar No. 24003162
1100 NW Loop 410 #802
San Antonio, Texas 78213
treywhite@villawhite.com
Tel: (210) 225-4500
Fax: (210) 212-4649

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022 a true and correct copy of the above and foregoing document was served on the following pursuant to Bankruptcy Rule 9013.

 */s/ Morris E. "Trey" White III*
MORRIS E. "TREY" WHITE III